11-115-ag
Samdup v. Holder

BIA
Bukszpan, IJ
A098 478 472

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand twelve.

PRESENT:
>       PIERRE N. LEVAL,
>       JOSÉ A. CABRANES,
>       RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

MIGMAR SAMDUP,
>       *Petitioner,*

>       v.                                    11-115-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:         Migmar Samdup, *pro se*, Brooklyn, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Ilissa M. Gould, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this *pro se* petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Migmar Samdup, an alleged native and citizen of the People's Republic of China and ethnic Tibetan, seeks review of a December 13, 2010, order of the BIA, affirming the July 24, 2008, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Migmar Samdup*, No. A098 478 472 (B.I.A. Dec. 13, 2010), *aff'g* No. A098 478 472 (Immig. Ct. N.Y. City July 24, 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions.  *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In finding Samdup not credible, the agency reasonably relied on Forensic Examiner Elaine Wooten's expert testimony

2

indicating that his Chinese birth certificate was fraudulent. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157-58 (2d Cir. 2006) (determining that because substantial evidence supported IJ's finding that a submitted birth certificate was likely fraudulent, IJ did not err in resting adverse credibility determination on that finding); *In re O-D-*, 21 I. & N. Dec. 1079 (B.I.A. 1998); *see also Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006) (discussing the maxim of *falsus in uno, falsus in omnibus*); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (same). Indeed, Samdup does not challenge the basis of the expert's opinion, that his birth certificate contained a counterfeit watermark and lacked the requisite security details, but instead argues that he provided a reasonable explanation for how he acquired the birth certificate and for its discrepant place of birth information. However, because Samdup's purported explanations do not address the expert's basis for finding that his birth certificate is fraudulent and would not be compelling to a reasonable fact-finder, the agency did not err in rejecting them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably relied on Samdup's visa, which he admittedly procured through fraud on U.S. Embassy officials, *see Rui Ying Lin*, 445 F.3d at 133, *Siewe*, 480 F.3d at 170, as well as the fact that Samdup's fraud pertained to his identity, a central element of his claim, *see In re O-D-*, 21 I. & N. Dec. at 1082 ("We find that the respondent's fraud pertains to a central element of his asylum claim, i.e., his identity, perhaps the most critical of elements, and thereby significantly undermines the credibility of his request for asylum."). Although we have recognized that "[t]he presentation of fraudulent documents that were created to escape persecution may actually tend to support an alien's application," *see, e.g., Siewe*, 480 F.3d at 170, the IJ reasonably determined that Samdup's visa was not procured to escape persecution, given that he never alleged that he experienced or feared any persecution in Nepal and stayed there for three years before leaving for the United States. Because the agency's adverse credibility determination is otherwise supported by substantial evidence, we decline to reach Samdup's challenge to the IJ's additional ground for finding him not credible, namely, the alleged mischaracterization of his U.N. protest photo

testimony.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (citation omitted).

Samdup's additional arguments are without merit.  In light of the agency's underlying credibility determination, Samdup's failure to establish that he is a citizen of China, and the IJ's explicit consideration of photographs of him at a demonstration, the record does not compellingly suggest that the agency ignored any evidence of his anti-Chinese activities in the United States.  *See Xiao Ji Chen*, 471 F.3d at 337 n.17.

Lastly, although an asylum applicant's "nationality, or lack of nationality, is a threshold question in determining his eligibility for asylum," *see Jigme Wangchuck v. DHS*, 448 F.3d 524, 529 (2d Cir. 2006) (quotation omitted), because Samdup's application is based on *his* assertion that he is a citizen and national of China, it is *his* concomitant burden to establish his identity, *see In re O-D-*, 21 I. & N. Dec. at 1082, particularly in light of the fact that he has conceded his removability from the United States.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

5

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk